Rene Lopez v. Jefferson B. Sessions III Mr. Bodczynski Good morning, your honors. May it please the court. This is a petition for review of an order from the Board of Immigration Appeals denying an administrative appeal in which the immigration judge denied, in pertinent part, Mr. Lopez's application for withholding of removal. Mr. Lopez is removable for a controlled substance offense, so our jurisdiction here is limited on what we can review. I read the decisions below as involving two issues. First, whether Mr. Lopez's group is cognizable under the act. And second, whether the BIA erroneously concluded that Mr. Lopez had not established that the Salvadoran government is unable to control MS-13. The government has presented a counter-issue, namely that there was a dispositive and unreviewable nexus determination made below. I don't believe this issue is properly before the court. I don't think the BIA or the IJ addressed this issue. The discussion cited by the government relates whether the group is cognizable under the act, not the nexus element. The discussion and citations in the BIA decision concern an immutability requirement that wealth standing alone is not enough to constitute a particular social group. The IJ's focus was on a particularity and over-breadth of the group requirement. This, I don't think, is good law in the Seventh Circuit still, but those are also, or were, particular social group requirements. Moving forward to the first issue, Mr. Lopez contends he's a member of a particular social group consisting of individuals whom others perceive as wealthy, wealthy business owners, or alternatively, of a particular social group consisting of former members of that group who failed to comply with extortion demands. The first is analogous to Tapiero de Orejuela, where this court decided that farmers defined by wealth, land ownership, and education constituted a particular social group. To the extent that another case, Dominguez-Pulido, says differently, I think that case is incorrect or distinguishable. Wealth here is not the primary characteristic of the group, and it's not the only characteristic of the group. It's coupled with business ownership, and but for the business ownership, there would be no perception of wealth for this particular individual. The second group is also cognizable. In Sepulveda and Gattini, this court concluded that groups of individuals sharing a past experience constitute a particular social group. That past experience here would be having failed to comply with extortion demands. The BIA also erred when it concluded that Mr. Lopez had not established that the Salvadoran government is unable to control MS-13. This, I believe, is legal error. The agency here is ignoring or failing to consider evidence. The IJ never addressed the issue, but he did, however, find evidentiary support for MS-13's reputation for violence. MS-13, of course, is a very well-known gang. The BIA makes no mention of the evidence Mr. Lopez did present that the IJ noted regarding this violence, and presents no explanation why it's insufficient, and it doesn't square its conclusion with the IJ's finding of a reputation for violence. Alternatively, I think it's worth considering, if the court concludes that this was not legal error, revisiting the jurisdictional bar in Section 1252A2D of the U.S. Code. And the reasons for that, I think, were outlined quite well in Judge Hamilton's concurrent opinion in Adame, where he discusses possible reasons for this, including a lack of statutory guidance, the intent expressed in a conference committee report, and Supreme Court cases discussing similar language in other statutes. And for these reasons, we would ask the court to vacate the BIA's decision and remand this case for further proceedings. Thank you, Mr. Brzezinski. Mr. Ciali. May it please the court, my name is Lance Ciali. I represent the respondent, the United States Attorney General. The court should dismiss the petition for review, as petitioner has failed to present a reviewable question of law that warrants reversal of the agency's denial of withholding of removal. The issue before the court is not regarding immutability. In making its decision, the board noted that there was no evidence that gang members would be concerned with any character other than wealth. And whether that's in the nexus prong or in the particular social group, under CC, this court considers the issue sort of fluid. It's not so concerned about the boundaries of a group because there's that nexus requirement. So whether the court considers it in the particular social group area or in the nexus area, it's a factual finding that the court would like jurisdiction to consider. And since it lacks jurisdiction over that dispositive ground, it would like, under Bagas-Mazbad, the court need not address the unable or unwilling. But the point in addressing that, just the mere fact that the El Salvador gang is notorious for violence, is not a question of law, per se, in ruling that. And so this court does not have jurisdiction. But even if that jurisdictional hurdle is revisited, and under Judge Hamilton's concurrence in Adame, he concurred with the denial of rehearing in Bank in that case because there was nothing there. There would not be a reversal on rehearing, and such is the case here. There is no evidence in the record that the gang targeted former business members. And as far as unable or unwilling, the evidence of record shows that the El Salvador government is very active in combating the gangs. And for those reasons, the court should dismiss the, unless there's questions from this court, the court should dismiss the petition for review. Thank you, Mr. Jolly. Mr. Brzezinski. Thank you. The government cited a sentence in the BIA's decision, in which it mentioned that there was no evidence presenting that the gang members would be concerned with any character other than wealth. I think following that, and enlightening as to what the BIA was focusing on there, is its citation immediately following that, and the explanatory parentheticals that go on to explain that. Finding a particular social group that was not defined merely by wealth, but also by other distinguishing markers, such as land ownership and education, or Tapierro de Urejuela. And in NLA, the holder finding a particular social group based on a characteristic of being a landowner means. The focus in that discussion isn't so much on a factual issue, but as whether this group is cognizable under the act. Now, to the extent that this might be a factual issue, which we don't concede, I think this, too, would be legal error. He presented ample evidence of a nexus. He started or expanded a business, an agricultural business, I believe involving livestock feed. And once he did that, he was contacted by MS-13 and threatened and extorted. I think the nexus there is very clear. There are no further questions, Your Honor. Thank you, Mr. Podsinski. Thank you, Mr. Talley.